

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 13, 1968

Dr. John Kinross-Wright, M.D.   Opinion No. M-316
Commissioner, Texas Department
of Mental Health and Mental Retardation
Box S, Capitol Station
Austin, Texas        Re: Whether the Board of
              Control can purchase
              drugs, equipment and
              fixtures for community
              mental health and mental
              retardation centers
              established under Article
              5547-203, Vernon's Civil
Dear Dr. Kinross-Wright:     Statutes.

   Your request for an opinion reads as follows:

   "Pursuant to authority contained in Article 5547-203,
Texas Civil Statutes, approximately ten community mental
health and mental retardation centers have been established
in this State and are receiving grants-in-aid from the
Texas Department of Mental Health and Mental Retardation
pursuant to Article 5547-204, Texas Civil Statutes. If
these community centers could purchase drugs, fixtures,
and other necessary equipment through the Board of
Control it is felt a great deal of their financial resources
could be saved.

   "Wherefore, your opinion as to the authority of the
Board of Control, under the State Purchasing Act of 1957
being Article 664-3, Texas Civil Statutes, to purchase
these supplies for these community centers is respectfully
requested."

   Article 664-3, Vernon's Civil Statutes (State Purchasing
Act of 1957) is an act prescribing the method to be used by the
State Board of Control in making purchases of supplies or

-1538-

materials for certain agencies of the State of Texas.

Section 5 provides:

"Sec. 5. The Board shall purchase all supplies, materials, services and equipment used by each Department of the State Government, including the State Prison System, and each eleemosynary institution, Teachers College, Agricultural and Mechanical College, University of Texas, and each and all other State Schools or Departments of the State Government heretofore or hereafter created, such supplies to include furniture and fixtures, technical instruments and books, and all other things required by the different departments or institutions including perishable goods. The Board is given legal authority to delegate purchasing functions to agencies of the state. Purchases of supplies, materials, services and equipment for resale, for auxiliary enterprises, for organized activities relating to instructional departments of institutions of higher learning, and for similar activities of other State Agencies, and purchases made from gifts and grants, may be made by State Agencies without authority of the Board. The Board shall purchase all motor vehicles used for transporting school children, including buses, bus chassis, and bus bodies, tires and tubes, for school districts participating in the Foundation School Program as provided by Chapter 334, Acts 51st Legislature, Article V, Section 3. The Board may also provide for emergency purchases by any Department or institution and may set a monetary limit on the amount of each emergency purchase." (Emphasis supplied.)

The phrase "Department of the State Government" is defined in Subdivision C of Section 3 as follows:

"The term "Department of the State Government" includes only departments and agencies of the type heretofore required to make purchases through the Board of Control. River authorities, conservation and reclamation districts, and other political subdivisions created by the Legislature are not required to purchase through the Board of Control unless some

Dr. John Kinross-Wright, page 3 (M-316)

other statute specifically requires it."  (Emphasis supplied.)

A community mental health and mental retardation center is defined in Section 3.01 of Article 5547-203, Vernon's Civil Statutes, as follows:

"Community centers

"Section 3.01 (a) One or more cities, counties, hospital districts, school districts, rehabilitation districts, state-supported institutions of higher education, and state-supported medical schools, or any combination of these, may cooperate, negotiate, and contract with each other through their governing bodies to establish and operate a community center.

(b)  As used in this Act, a "community center" may be:
(1)  a community mental health center, which provides mental health services; or
(2)  a community mental retardation center, which provides mental retardation services; or
(3)  a community mental health and mental retardation center, which provides mental health and mental retardation services."

In view of the provisions of Section 3.01 of Article 5547-203 above quoted, it is our opinion that such community health center is not a "Department of the State Government" and does not fall within the definition of "Department of the State Government" within the meaning of State Purchasing Act of 1957.

You are therefore advised that the State Board of Control is not authorized to purchase supplies for such community health centers.

## S U M M A R Y

State Board of Control under the provisions of Article 664-3, Vernon's Civil Statutes (State Purchasing Act of 1957) does not have the authority to purchase supplies for Community mental health and mental retardation centers established pursuant to the provisions of Article 5547-203, Vernon's Civil Statutes, since such centers are not "departments of the state government" within the meaning of Article 664-3.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by:  John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Malcolm Quick
Jay Floyd
Robert Darden
Rex H. White

A. J. Carubbi, Jr.
Executive Assistant